```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Keimarkus O. Woodard,          :

         Plaintiff,            :    Case No. 2:16-cv-704

   v.                          :    JUDGE ALGENON L. MARBLEY

R.N. Mr. Winters, et al.,      :    Magistrate Judge Kemp

         Defendants.           :
```

## ORDER

Plaintiff, Keimarkus Woodard, filed this pro se lawsuit against Mr. Winters and other employees of Ross Correctional Institution ("RCI"). This matter is now before the Court on a number of motions: (1) the defendants' motion to dismiss; (2) Mr. Woodard's motion to subpoena supporting evidence; (3) defendant Elkins' motion to strike; (4) Mr. Woodard's motion to correct error; (5) Mr. Woodard's motion to subpoena; and (6) Mr. Woodard's motion to amend complaint; and (7) Mr. Woodard's motion to waive the required number of copies. The motions are now ripe for decision. For the following reasons, Mr. Woodard's motion to subpoena supporting evidence (Doc. 18) is denied without prejudice; defendant Elkins' motion to strike (Doc. 19) is granted; Mr. Woodard's motion to correct error (Doc. 24) is denied; Mr. Woodard's motion to subpoena (Doc. 25) is denied; Mr. Woodard's motion to amend (Doc. 26) is granted; and Mr. Woodard's motion to waive required copies (Doc. 30) is denied. Because Mr. Woodard's motion to amend has been granted, the defendants' motion to dismiss (Doc. 8) is moot and should be removed from the Court's pending motions list.

### I. Background

Mr. Woodard, currently an inmate at the Ohio State Penitentiary, filed his complaint on July 22, 2016 against R.N.

Mr. Winters, Corrections Officer T. Elkins, Hunter Sexton, and Corrections Officer "John Doe." (Doc. 3). His allegations relate to the time when he was an inmate at Ross Correctional Institution ("RCI"). On the evening of October 11, 2015, when there was a violent incident involving inmates and corrections officers. Mr. Woodard contends that he was sprayed with mace and then taken from the incident by Mr. Elkins and an unknown officer. He claims that the officers hit him multiple times in his face and forced him into an office where he was again assaulted by multiple corrections officers "more times than [he] could count." Mr. Woodard states that he was then left in segregation for around 40 minutes to an hour without medical attention, and when he was eventually taken to the medical unit he was assaulted again. He claims that he suffered a closed black eye, bloody nose, loss of hearing in one ear, and "plenty of bruises." He requests that the officers involved in his assault be held liable for their actions against him. The Court construes Mr. Woodard's complaint as a claim pursuant to 42 U.S.C. §1983 for money damages for use of excessive force, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

It is useful to go through the docket activity in this case in some detail. Following the filing of the complaint, summons were returned executed as to Mr. Elkins, Mr. Evans, and Mr. Sexton. Mr. Winters was not served because he is no longer employed at RCI. (Doc. 6, 7). The "John Doe" defendant was not served because he has yet to be identified. Mr. Woodard subsequently filed a document with the Court in letter format notifying the Court that Mr. Winters "plays a big role" in his case, and inquiring as to how he can locate Mr. Winters to issue the summons. (Doc. 9). On September 9, 2016, defendants Mr. Evans and Mr. Sexton filed a motion to dismiss for failure to state a

claim arguing, among other things, that Mr. Woodard failed to allege any personal involvement by those defendants. (Doc. 8). Mr. Woodard filed a response to the motion, providing greater detail as to the personal involvement of the defendants and including various documents in support of his claim, such as prison grievance forms and his medical exam report.  (Doc. 11). On September 23, 2016, Mr. Elkins filed his answer to the complaint (Doc. 10), and in response Mr. Woodard filed a document entitled "Answer to Defendant Joe Elkins Response," which disputed some of the factual statements in the answer and responded to the affirmative defenses. (Doc. 13).  Mr. Elkins filed a motion to strike that document on the grounds that Fed.R.Civ.P. 7(a) does not permit responses to answers unless the defendant raises a cross-claim, counter claim, or is otherwise ordered by the court to respond. (Doc. 19).  Mr. Woodard then filed a motion to "correct harmless error," asking that his document (Doc. 13) be construed as discovery pursuant to Fed.R.Civ.P. 26(B)(1). (Doc. 24).

 Mr. Woodard has also filed a document entitled "discovery," which contains additional details of his allegations; excerpts from the Ohio Department of Rehabilitation ("ODRC") employee conduct policy; the medical examination of a fellow inmate who was allegedly assaulted by corrections officers in the same incident; and a CD-ROM which allegedly contains video footage of the assault. (Doc. 17).  On the same day Mr. Woodard filed a "motion to subpoena supporting evidence," seeking to obtain certain video footage from RCI and photographs that were taken of him after the incident. (Doc. 18). He also filed a "motion to subpoena [sic] defendant[s] to a lie detector test." (Doc. 25). Mr. Woodard now seeks to amend his complaint, which the defendants do not oppose. (Doc. 26).  He has most recently filed, on January 3, 2017, a motion to waive the number of required

copies, together with a proposed amended complaint. (Doc. 30). The Court will now address each of the ripe motions.

## II. Motion to Amend (Doc. 26) and Motion to Dismiss (8)

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." Moreover, as the defendants do not oppose Mr. Woodard's motion, the Court will grant the motion to amend.  This in turn moots the motion to dismiss, with the parties having future opportunities to file dispositive motions based on the amended pleadings.

## III. Motion to Subpoena Supporting Evidence (Doc. 18) and Motion to Subpoena Defendant to a Lie Detector Test (Doc. 25)

With respect to Mr. Woodard's motion to subpoena supporting evidence, the defendants correctly point out in their responsive brief that Mr. Woodard is not required to subpoena the materials he seeks.  Rather, the defendants have agreed to construe Mr. Woodard's motion as an informal discovery request and respond appropriately in due course upon the Court's ruling.  Similarly, with respect to the motion to require the defendants to submit to a polygraph, Mr. Woodard will have the opportunity to engage in traditional discovery and gather evidence supporting his claim. Moreover, polygraph results are generally discouraged and inadmissible in litigation for the purpose of establishing the truth or falsity of disputed facts.  See Barnier v. Szentmiklosi, 810 F.2d 594, 596 (6th Cir. 1987). The credibility of the defendants or any other witnesses will be assessed by the jury or fact-finder in the event of a trial.  Thus, the Court will deny the motion to subpoena supporting evidence (Doc. 18) and the motion to subpoena [sic] defendant to a lie detector test (Doc. 25).

## IV. Motion to Strike (Doc. 19) and Motion to Correct (Doc. 24)

Mr. Elkins filed a motion to strike Mr. Woodard's response to his answer to the complaint (Doc. 13) on the grounds that Fed.R.Civ.P. 7(a) does not permit responses to answers unless the defendant raises a cross-claim, counter claim, or is otherwise ordered by the court.  Mr. Woodard subsequently filed a motion to "correct harmless error," asking that his document be construed as discovery pursuant to Fed.R.Civ.P. 26(b)(1).  However, discovery requests and responses are also not to be filed with the Court until they are used in the proceeding or the Court orders filing. Fed.R.Civ.P. 5(d)(1).  The motion to strike will therefore be granted and the motion to correct will be denied.

### V.  Motion to Waive Required Copies

Mr. Woodard's motion asks the Court to waive the required number of copies of his amended complaint due to the financial hardship of paying for the copies to be served.  In addition to the original document filed with the Court, Mr. Woodard is only required to provide service copies for any new or unserved defendants.  These may be handwritten if Mr. Woodard is unable afford copies.  The motion to waive the required number of copies (Doc. 30) will be denied.

### VI.  Conclusion

For the foregoing reasons, the motion to amend (Doc. 26) is granted; the motion to subpoena supporting evidence (Doc. 18) and the motion to subpoena witness to a lie detector test (Doc. 25) are denied; defendant Elkins' motion to strike (Doc. 19) is granted; the motion to correct error (Doc. 24) is denied; and the motion to waive required copies (Doc. 30) is denied. The defendants' motion to dismiss (Doc. 8) is moot, and the Clerk is directed to remove that motion from the Court's pending motions list.

### VII.  Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge