# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEIMARKUS O. WOODARD**,

    **PLAINTIFF**,

    v.

**R.N. MR. WINTERS,** *et al.*,

    **DEFENDANTS**.

Case No. 2:16-cv-704
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## ORDER

Plaintiff, Keimarkus O. Woodard, a state inmate proceeding without counsel, filed this action pursuant to 42 U.S.C. §1983 against Defendants Winters, Elkins, Evans, and Sexton, all of whom were Ross Correctional Institution ("RCI") employees during the events giving rise to this action. The factual and procedural background of this case is set forth in the Court's February 9, 2017 Order and is incorporated herein by reference. (ECF No. 31.) In a nutshell, Plaintiff alleges that Defendants utilized excessive force against him in violation of the Eighth Amendment when they assaulted him and sprayed him with mace on October 11, 2015. This matter is before the Court for consideration of the following motions: Plaintiff's Motions to Compel (ECF Nos. 32, 48, 56); Plaintiff's Motion Requesting Subpoena Discovery (ECF No. 33), Plaintiff's Request for an Entry of Default (ECF No. 34), and Plaintiff's Motion for Extension of Time to File Dispositive Motions (ECF No. 59). For the reasons set forth below, Plaintiff's Motions are **DENIED** with the exception of his Motion for Extension of Time, which is **GRANTED**.

### A. Plaintiff's Motions to Compel (ECF Nos. 32, 48, 56)

As a threshold matter, each of Plaintiff's Motions to Compel must be denied for failure to satisfy the certification requirement set forth in Federal Rule of Civil Procedure 37.

Rule 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). This requirement is not waived simply because the moving party is an inmate proceeding without counsel. *See, e.g., Hughes v. Lavender*, No. 2:10-cv-674, 2011 WL 1233481, at *3 (S.D. Ohio Mar. 29, 2011) (denying *pro se* inmate's motion to compel without prejudice to renewal after Rule 37(a)-mandated conference had occurred and inmate made requisite certification); *Sneed v. Moore*, No. 1:09-cv-043, 2009 WL 3599476, at *1 (S.D. Ohio Oct. 26, 2009) (denying *pro se* inmate's motion to compel, in part, because he failed to conclude a certification of good faith pursuant to Rule 37(a)); *Lewis v. Randle*, No. C2-01-161, 2002 WL 483542, at *2 (S.D. Ohio Mar. 13, 2002) (same); *see also Rones v. Schrubbe*, 451 F. App'x 585, 587 (7th Cir. 2011) (affirming trial court's denial of *pro se* inmate's motion to compel on the grounds that he failed to comply with Rule 37(a)'s requirement that he certify that he had conferred with the opposing party). Here, none of the subject Motions to Compel include a certification that Plaintiff attempted to confer in good faith with Defendants regarding the discovery requests at issue. Plaintiff has therefore failed to satisfy the certification requirement set forth in Rule 37(a).

Plaintiff's March 15, 2017 Motion to Compel (ECF No. 32) is **DENIED** on additional grounds. In this Motion to Compel, Plaintiff seeks an order compelling video footage from various areas of RCI on the day of the incident, as well as photographs taken by medical personnel

2

following the incident.  In their Memorandum of Opposition, Defendants submit the declaration of Bryan Wellinghoff in which he represents that only two videos captured the incident that this is the subject of this lawsuit and that these videos have been preserved.  (Wellinghoff Aff. ¶¶ 4-7, ECF No. 36-1.)  Defendants represent that they arranged for Plaintiff to view the available video footage.  Defendants further represent that they have produced the photograph Plaintiff seeks via his Motion to Compel and also any medical records relating to his treatment after the October 11, 2015 incident.  The Court concludes that nothing remains to be produced that Plaintiff seeks to compel via his March 15, 2017 Motion to Compel.  *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control."). Plaintiff's March 15, 2017 Motion is therefore **DENIED** for this additional reason.

In his June 20, 2017 Motion to Compel (ECF No. 48), Plaintiff complains that Defendants' production of his medical file was incomplete because it did not contain two kites and only contained records from October 11, 2015 (the date of the incident), through April 7, 2017.  In their Memorandum in Opposition, Defendants point out that Plaintiff fails to explain why the kites he seeks would be responsive to his requests for his medical file.  Defendants nevertheless represent that they will produce the kites at issue if they can locate them.  The Court concludes that Defendants' representations render Plaintiff's requests for the kites moot.  With regards to records pre-dating the October 11, 2015 incident, Plaintiff asserts that these records are relevant to show that when he had been maced in the past, his eyes did not swell.  It appears that Plaintiff is arguing that the earlier records are relevant to show that his swollen eyes following the October 11, 2015 incident were attributable to Defendants' use of force other than mace.  The Court finds this argument to be well taken and to support production of Plaintiff's medical records *prior* to the

3

October 11, 2015 incident that reflect treatment following his being maced. The Court, however, declines to grant Plaintiff's June 20, 2017 Motion to Compel because he failed to satisfy the certification requirement set forth in Rule 37(a). The Court therefore **EXTENDS** the discovery period for thirty days, until **OCTOBER 5, 2017**, for the *limited purpose* of permitting Plaintiff to seek his medical records *prior* to the October 11, 2015 incident, but only those records that reflect treatment after his being maced. If Plaintiff demands these records and Defendants refuse to provide them, he may file a motion to compel these records on or before the extended October 5, 2017 discovery deadline.

Plaintiff's August 17, 2017 Motion to Compel, in addition to failing to comply with the certification requirements of Rule 37(a), is untimely. The September 26, 2016 Scheduling Order (ECF No. 12) set May 31, 2017, as the discovery deadline. Thereafter, upon Defendants' Motion (ECF No. 46), the Court extended the Discovery deadline until July 31, 2017 (ECF No. 51). Plaintiff's Certificate of Service reflects that he placed the August 17, 2017 Motion to Compel into the prison mailing system on August 13, 2017, approximately two weeks after the expiration of the discovery deadline. "[A]bsent special circumstances, motions to compel discovery filed after the close of discovery are untimely." *Fed. Ex. Corp. v. United States,* No. 08-2423, 2011 WL 2023297, at *4 (W.D. Tenn. Mar. 28, 2011) (collecting nearly a dozen cases by way of example to support proposition). The Court can discern no such special circumstances here. Plaintiff's August 17, 2017 Motion to Compel is therefore **DENIED** for this additional reason.

**B.** **Plaintiff's Motion Requesting a Subpoena for Discovery (ECF No. 33)**

Notwithstanding how he styles this Motion, Plaintiff seeks to compel his medical file and production of video footage. As this Court previously explained in denying his earlier Motion to Subpoena Supporting Evidence, Plaintiff "is not required to subpoena the materials he seeks."

(Feb. 9, 2017 Order, ECF No. 31 at p. 4.) This is because Defendants rather than a nonparties possess the information he seeks to compel. Because the Court has already addressed Plaintiff's Motions to Compel as they relate to the documents at issue in his Motion Requesting a Subpoena for Discovery (ECF No. 33), this Motion is **DENIED AS MOOT**.

C.  **Plaintiff's Request for Entry of Default (ECF No. 34)**

Plaintiff's request for entry of default revealed an issue with this Court's February 9, 2017 Order granting Plaintiff leave to amend. (ECF No. 31.) Specifically, although the Court granted Plaintiff leave to amend, it inadvertently neglected to direct the Clerk to file Plaintiff's proposed Amended Complaint, ECF No. 30-1. The Clerk is therefore **DIRECTED** to file Plaintiff's Amended Complaint (ECF No. 30-1).

Notwithstanding the Court's error, Defendants Winters, Evans, and Sexton have filed their Answers to Plaintiff's Amended Complaint. (ECF Nos. 45 and 52.) Plaintiff's Request for Entry of Default against Defendants Sexton, Evans, and Winters is therefore **DENIED**. (ECF No. 34.) It appears that Defendant Elkins, who is not the subject of Plaintiff's Motion for Entry of Default, filed his Answer to Plaintiff's Original Complaint (ECF No. 10), but has not yet filed his Answer to the Amended Complaint, which is to be filed subsequent to this Order. Defendant Elkins is therefore **ORDERED** to file his Answer to the Amended Complaint **WITHIN TWENTY-ONE DAYS**.

D.  **Plaintiff's Motion for Extension of Time to File Dispositive Motion (ECF No. 59)**

According to Plaintiff, he requires additional time before submitting his Motion for Summary Judgment because he only recently learned what dispositive motions were and because he is encountering difficulty obtaining declarations he needs from witnesses who are now either released or at other institutions. Plaintiff's Motion is **GRANTED**. The new deadline for filing

dispositive motions is **OCTOBER 5, 2017**. The parties are advised that no further extensions of the dispositive motions will be granted absent a showing of extraordinary cause.

## IV.

In sum, for the reasons set forth above, Plaintiff's discovery motions and his Motion requesting entry of default (ECF Nos. 32, 33, 34, 48, and 56) are **DENIED**, and his Motion for Extension of Time (ECF No. 59) is **GRANTED**. The new dispositive motions deadline is **OCTOBER 5, 2017**. No further extensions of the dispositive motions deadline will be granted absent a showing of extraordinary cause. In addition, in accordance with the foregoing, the Court **EXTENDS** the discovery period for thirty days, until **OCTOBER 5, 2017**, for the *limited purpose* of permitting Plaintiff to seek his medical records *prior* to the October 11, 2015 incident that reflect treatment after his being maced. If Plaintiff demands these records and Defendants refuse to provide them, he may file a motion to compel these records on or before the extended October 5, 2017 discovery deadline. Finally, the Clerk is **DIRECTED** to file Plaintiff's Amended Complaint (ECF No. 30-1), and Defendant Elkins is **ORDERED** to file his Answer to the Amended Complaint **WITHIN TWENTY-ONE DAYS**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE