# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEIMARKUS WOODARD, | Case No. 2:16-cv-704 |
| Plaintiff, | |
| v. | JUDGE ALGENON L. MARBLEY |
| | Magistrate Judge Vascura |
| DAVID WINTERS, *et al.*, | |
| Defendants. | |

## ORDER

This matter comes before the Court on the Magistrate Judge's June 18, 2018, **Report and Recommendation** (ECF No. 102), which recommended that Plaintiff Keimarkus Woodard's Motion for Summary Judgment (ECF No. 70) be **DENIED** and Defendants' Motion for Summary Judgment (ECF No. 80) be **GRANTED IN PART AND DENIED IN PART**. The Magistrate Judge also independently screened the claims upon which Defendants did not move for summary judgment pursuant to 28 U.S.C. § 1915(e) and recommended that Plaintiff's claim for deliberate indifference to serious medical needs be **DISMISSED** and that his excessive force claim premised on Defendants' alleged failure to permit him to decontaminate following administration of oleoresin capsicum spray ("OC spray") be permitted to proceed. The Court hereby **ADOPTS** the Report and Recommendation in its entirety based on the independent consideration of the analysis therein.

## I.  BACKGROUND

Mr. Woodard brings a civil rights claim under 42 U.S.C. § 1983, alleging that Defendants J. Elkins, J. Evans, Hunter Sexton, and David Winters—all employees of Ross Correctional

Facility ("RCI") —utilized excessive force against him and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

As the Report and Recommendation aptly notes, "[t]he parties' versions of the events are highly disputed." (ECF No. 102). In short, Mr. Woodard alleges that on October 11, 2015, he got into a "physical altercation" with Defendant J. Elkins which ended when Mr. Woodard was sprayed in the face with OC spray. (ECF No. 61 at 2). He maintains that he complied with Defendants' orders, but was nevertheless hit and kicked by Defendants while he was restrained in the Captain's office. (*Id.*). The violence visited upon Mr. Woodard resulted in physical injuries, including a black eye, split forehead, and split lip. (*Id.*). He alleges that he was then left in a holding cell without any means to wash the OC spray from his face. (*Id*).

Defendants deny having ever used physical force against Mr. Woodard and submit that he refused medical treatment. (ECF No. 80). They make no mention of whether Mr. Woodard was given the opportunity to decontaminate after the spray. (*Id.*). As for the injuries, they aver that they arose not after Mr. Woodard was restrained, but instead when Mr. Woodard's "face made contact either with the floor or someone's body party (likely Officer Elkins) during the melee." (*Id.*).

Mr. Woodard timely filed an Objection to the Report and Recommendation, but was subsequently appointed counsel. After counsel was appointed, he sought to withdraw his Objection (ECF No. 121), and the Court granted leave to do so. (ECF No. 122). Thus, only Defendants' Objections remain pending.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). Here, because Defendants have filed specific objections to the Report and Recommendation, the Court reviews the recommended disposition *de novo*.

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the non-moving party's favor. *United States Sec. & Exch. Comm'n v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). This Court then asks "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52 (1986)). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### III. LAW AND ANALYSIS

Defendants raise the following objections to the Report and Recommendation: first, the recommendation denying Summary Judgment improperly relied on the affidavit of another inmate; second, Summary Judgment should have been granted on the excessive force claim as to the failure

3

to decontaminate; and third, Summary Judgment should have been granted because Defendants have qualified immunity. (ECF No. 115). Each are addressed in turn below.

### A. The Magistrate Judge Did Not Improperly Rely on the Dodds Affidavit

Defendants first argue that the Magistrate Judge improperly denied Defendants' Motion for Summary Judgment because there existed a genuine issue of material fact only if one considered the affidavit of Bryshaun Dodds, another inmate at RCI. (*Id.* at 7). Mr. Dodds' affidavit corroborates Mr. Woodard's claim that his injuries were sustained when Defendants attacked him after the initial altercation: Mr. Dodds declares, among other things, that he saw Mr. Woodard's face both before and after Mr. Woodard was taken to the Captain's Office. (ECF No. 72 at 1-2). Before, he stated, Mr. Woodard's face had no "scars or bleeding," but after, "he had bleed [sic] and black eyes." (*Id.*). Defendants argue that, in crediting Mr. Dodds' account for the purpose of concluding that a genuine issue of material fact existed as to the cause of Mr. Woodard's injuries, the Magistrate Judge "gave more weight to . . . [the] affidavit than it could bear." (*Id.*). The reason why it could not bear such weight? Because the affidavit was, in Defendants' view, "inaccurate." (*Id.* at 7-10).

It is true that Mr. Dodds' affidavit conflicts with the declarations of the Defendants, but that is not a basis on which the Court will exclude otherwise admissible evidence. As the Magistrate Judge correctly concluded, "nothing in the record . . . conclusively forecloses Dodds' version of events." (ECF No. 102 at 12). Indeed, conflicting testimony raises precisely the type of genuine issue of material fact that a jury must decide. *See* Fed. R. Civ. P. 56(a). The Magistrate Judge did not err in considering and giving weight to Mr. Dodd's affidavit and denying Summary Judgment on that basis.

### B. Summary Judgment is Improper as to the Excessive Force Claim for Failure to Decontaminate

So too must the excessive force claim for failure to decontaminate be permitted to proceed. Mr. Woodard, then proceeding pro se, alleged in his Amended Complaint that he "complained about needing medical treatment, and of water to wash the mase [sic] out of [his] facial area and wounds." (ECF No. 61). According to Mr. Woodard, 30 to 45 minutes after first seeking treatment, he was placed in handcuffs and led to the infirmary, where he continued to be denied access to care and water. (*Id.*). In evaluating whether a claim of excessive force exists, Courts consider "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of the injury inflicted." *Cordell v. McKinney*, 759 F.3d 573, 581 (6th Cir. 2014).

This Court agrees with the recommended disposition in the Report and Recommendation for two reasons. As a legal matter, the facts pled by Mr. Woodard are amply sufficient to state a claim as to excessive force: because the allegations would have put any Defendant on notice that Mr. Woodard sought to articulate an excessive force claim, the Court would be compelled to make this conclusion even if it did not construe Mr. Woodard's allegations liberally, as it is required to do in light of his then-pro se status. *See McCallum v. Gilless*, 38 Fed. App'x 213, 216 (6th Cir. 2002). As a procedural matter, Defendants only moved for Summary Judgment on the decontamination claim for the first time in their reply brief, and thus, they cannot prevail: a summary judgment movant is "confined to those grounds raised in its motion and initial memorandum in support in its attempt to obtain summary judgment. This Court has explained time and again that 'a reply brief is not the proper place to raise an issue for the first time.'" *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012) (citing *United Tel. Co. of*

*Ohio v. Ameritech Servs., Inc.,* No. 2:10–cv--249, 2011 WL 53462, at *3 n. 2 (S.D. Ohio Jan. 7, 2011)).

### C. The Doctrine of Qualified Immunity Does Not Compel Summary Judgment

Finally, Defendants argue that they should be shielded from liability by the doctrine of qualified immunity. Under that framework, "[g]overnment officials . . . are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights." *Jones v. Byrnes*, 585 F.3d 971, 974 (6th Cir.2009). "To determine whether an officer is entitled to qualified immunity, a court evaluates two independent prongs: whether the officer's conduct violated a constitutional right, and whether that right was clearly established at the time of the incident." *Richko v. Wayne Cty.*, 819 F.3d 907, 914–15 (6th Cir.) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

As to the alleged beating in the Captain's office, Defendants argue only that the Magistrate Judge erred in concluding that the events violated a clearly established right to be free from excessive force because the putative right was defined at too high a level of generality. Not so: the Sixth Circuit has explicitly held that beating a handcuffed detainee "amounts to little more than wanton infliction of pain" and is "not a situation on 'the sometimes hazy border between excessive and acceptable force.'" *Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010) (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)).

As to the decontamination claim, Defendants argue that "there is no 'robust' and 'clearly established' case law . . . which stands for the proposition that guards must ensure that OC-contaminant spray is washed away from [an] inmate's face immediately." (ECF No. 115 at 18). That may be so—case law is not so inflexible as to require *immediacy*. But Defendants point to no evidence to suggest that Mr. Woodard was *ever* properly decontaminated – only that he was

6

"escorted out of the building where the CO spray occurred . . . where he would have received immediate ventilation." (ECF No. 97 at 12). And a complete failure to decontaminate certainly violates a clearly established Constitutional right. Several courts, including the Sixth Circuit, have concluded that "failure to permit a prisoner to wash off mace can support a showing of excessive use of force." *Peoples v. Bauman*, No. 16-2096, 2017 WL 7050280, at *5 (6th Cir. Sept. 5, 2017) (citing *Danley v. Allen*, 540 F.3d 1298, 1308 (11th Cir. 2008) ("Although less common than the direct application of force, subjecting a prisoner to special confinement that causes him to suffer increased effects of environmental conditions—here, the pepper spray lingering in the air and on him—can constitute excessive force."); *Williams v. Benjamin*, 77 F.3d 756, 765 (4th Cir. 1996) (prisoner was shackled and was not permitted to wash off mace for eight hours); *Harris v. Jones*, No. 10–1580 (6th Cir. Dec. 9, 2010) (unpublished)). In any event, Defendants again raise this rationale too late: it arises for the first time in the Objection to the Report and Recommendation (ECF No. 115), and must be therefore be rejected out of hand. *Ross*, 882 F. Supp. 2d at 958.

## IV. CONCLUSION

Mr. Woodard's Motion for Summary Judgment (ECF No. 70) is hereby **DENIED**. Defendants' Motion for Summary Judgment (ECF No. 80) is hereby **GRANTED** as to (1) Plaintiff's claims against them in their official capacity, and (2) Plaintiff's Eighth Amendment claims against Evans and Winters for allegedly beating Plaintiff in the infirmary; and **DENIED** as to (1) Plaintiff's Eighth Amendment claims against Evans and Winters for allegedly beating Plaintiff en route to the supervisor's office and while Plaintiff was in that office; (2) Defendants' request, made for the first time in their reply brief, for summary judgment on Plaintiff's Eighth Amendment claims for failure to provide prompt medical treatment and an opportunity for decontamination following the use of OC spray; and (3) Defendants' request for qualified

immunity. Plaintiff's claim for deliberate indifference to serious medical needs is **DISMISSED** pursuant to § 1915(e). Plaintiff's Eighth Amendment claim premised upon Defendants' alleged failure to permit him to decontaminate promptly following the use of OC spray is permitted to proceed.

      **IT IS SO ORDERED.**

                                               _s/ Algenon L. Marbley_
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**
**DATED: September 26, 2018**